UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:06-cr-102-FTM-29DNF

LYNETTE OWENS
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion Under Title 3582(c)(2) For Immediate Release Based On Retroactive Cocaine Base to Powder 1 to 1 Ratio (Doc. #29) and her Motion for Appointment of Counsel (Doc. #28), both filed on November 6, 2009. For the reasons set forth below, both motions will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant seeks a reduction in her sentence and immediate release because she believes there has been

a retroactive change which creates a one to one ratio for powder cocaine and cocaine base. Defendant is simply incorrect; there has been no change by the Sentencing Commission which requires a one to one ratio for cocaine base.

Because of defendant's *pro se* status, the Court has also construed the motion as a request for reduction of sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008. At defendant's original sentencing, the Court determined that defendant qualified as a career offender under U.S.S.G. § 4B1.1 and imposed sentence upon defendant as a career offender. Since defendant was sentenced as a career offender, the amendment would not affect her Sentencing Guidelines calculation and she is not eligible for a sentence reduction pursuant Amendment 706. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, --- U.S. ----, 129 S. Ct. 1601, 173 L. Ed. 2d 689 (2009). There is no other basis for a sentence reduction.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion Under Title 3582(c)(2) For Immediate Release Based On Retroactive Cocaine Base to Powder 1 to 1 Ratio

(Doc. #29) is **DENIED**.

2. Defendant's Motion for Appointment of Counsel (Doc. #28), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of November, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Lynette Owens
U.S. Probation